UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

| SAMUEL BOYNES | Civ. No. 2:17-4895 (WJM) |
| Petitioner, | Crim. No. 2:15-581 (WJM) |
| v. | |
| UNITED STATES OF AMERICA, | OPINION |
| Respondent. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Petitioner Samuel Boynes' 28 U.S.C. § 2255 motion for post-conviction relief. No oral argument was held. For the reasons stated below, Petitioner's motion is **DENIED** as time-barred.

### I.  BACKGROUND

On November 10, 2015, pursuant to a written plea agreement and with the assistance of counsel, Petitioner pled guilty to a two-count information of (1) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In accepting the plea agreement, Petitioner agreed to waive his right to appeal and to collaterally attack the conviction and sentence. Def.'s Plea Agreement at 3, 6, 7, ECF. No 18. With a criminal history category VI, the Sentencing Guidelines ("Guidelines") called for a range of 110 to 137 months. But although he received credit for acceptance of responsibility, with two state felony drug convictions for possession with intent to distribute a controlled substance in a school zone, Petitioner's two prior convictions met the Guidelines' career offender criteria. This career offender classification enhanced Petitioner's sentencing range to 151 to 188 months.

On May 6, 2016, the Court accepted Petitioner's guilty plea and sentenced him to 100 months' imprisonment, to run concurrently. This sentence fell below the recommended Guidelines ranges for both a career and non-career offender. Petitioner did not file a direct appeal.

On June 22, 2017, Petitioner filed this motion challenging his sentence, asserting three grounds for relief. First, that he was incorrectly sentenced as a career offender under the Guidelines because the predicate drug offenses were not aggravated felonies. Second, in light of the Supreme Court's decision in *Mathis v. United States*, 138 S. Ct. 2243 (2016), that he is "actually innocent" of the Guidelines' Section 4B1.1 career offender

enhancement. Finally, in noting the untimely filing of this petition, Petitioner argues *Mathis* rescues his motion from being time-barred because the Supreme Court created new constitutional law that was previously unavailable and now has retroactive application to cases on collateral attack. *See* 28 U.S.C. § 2255(f)(3).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). While a court may convene an evidentiary hearing, no hearing is required "when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Padilla-Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). As here, it is court policy to give *pro se* habeas motions a "liberal construction." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted).

## III. DISCUSSION

The Government acknowledged but refused to address the timeliness of Petitioner's motion because, in any event, the claim was "utterly meritless." ECF No. 4, Pg. 3 n.2. Despite this move, the Court will speak to the procedural issue because the petition was filed after the one-year statute of limitations and *Mathis* provides no relief to permit its untimely filing.

A defendant, as here, has one year to file a Section 2255 motion, with the limitations period beginning on "the date on which the judgment of conviction becomes final." 28 U.S.C. §§ 2255(f), (f)(1). With no appeal taken, on May 23, 2016, the conviction became final and the one-year clock began to run. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Thus, Petitioner had one year, or until May 23, 2017, to seek habeas corpus relief.

Instead, on June 22, 2017, Petitioner filed this motion. In noting the untimely filing, Petitioner argues *Mathis* rescues the motion from being time-barred because the Supreme Court recognized new constitutional law and gave it retroactive effect. *See* 28 U.S.C. § 2255(f)(3).[1] The Court disagrees.

As the Supreme Court neither recognized new constitutional law nor gave it retroactive effect to cases on collateral review, Petitioner's reliance on *Mathis* misses the

---

[1] Petitioner makes no argument for equitable tolling, which in any event would have required showing he had pursued his rights diligently and that an extraordinary circumstance prevented his timely filing a Section 2255 motion. *Holland v. Florida*, 560 U.S. 631, 648 (2010).

mark.[2] *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). *Mathis* addressed a narrow statutory interpretation issue of whether a state burglary conviction could enhance a defendant's sentence as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 136 S. Ct. at 2248-49. The Court clarified that "we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements." *Id.* at 2257. This has been the law for over a quarter century. *See id.* Thus, in failing to appeal the imposed sentence within 14 days to our Circuit and failing to file this petition within one year after the federal conviction became final, the Court finds the petition time-barred.

Finally, even if filed on time, Petitioner's claim fails on the merits because the Court sentenced him to 100 months, a sentence that fell below both the career and non-career offender advisory Guidelines ranges. In not sentencing Petitioner as a career offender, the record negates Petitioner's contention that he was found to be a career offender and sentenced as such.

## IV. CONCLUSION

For the above-stated reasons, Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **DENIED**, the action is **DISMISSED**, and no certificate of appealability ("COA") shall issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order follows.

                                                */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 9, 2017**

---

[2] Although Petitioner cites *Chang-Cruz v. Attorney General United States of America*, 659 F. App'x 114 (3d Cir. 2016), as another basis to warrant relief, unlike here, that case was an immigration decision—one that carries no precedential effect nor is binding on the Court. *See* 3d Cir. I.O.P. 5.7.